**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ABELARDO SAUCEDO; FELIPE
ACEVEDO MENDOZA; JOSE VILLA
MENDOZA; JAVIER SAUCEDO;
SANDRA SAUCEDO, Individually, and
on behalf of all other similarly
situated persons,

    *Plaintiffs-Appellees*,

v.

JOHN HANCOCK LIFE & HEALTH
INSURANCE, CO.; TEXAS MUNICIPAL
PLANS CONSORTIUM, LLC,

    *Defendants*,

NW MANAGEMENT AND REALTY
SERVICES, INC.; JOHN HANCOCK LIFE
INSURANCE COMPANY,

    *Defendants*,

and

FARMLAND MANAGEMENT SERVICES,
    *Defendant-Appellant*.

No. 13-35955

D.C. No.
2:12-cv-00478-
TOR

ABELARDO SAUCEDO; FELIPE ACEVEDO MENDOZA; JOSE VILLA MENDOZA; JAVIER SAUCEDO; SANDRA SAUCEDO, Individually, and on behalf of all other similarly situated persons,

*Plaintiffs-Appellees*,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY; JOHN HANCOCK LIFE & HEALTH INSURANCE, CO.; TEXAS MUNICIPAL PLANS CONSORTIUM, LLC,

*Defendants-Appellants*,

and

FARMLAND MANAGEMENT SERVICES; NW MANAGEMENT AND REALTY SERVICES, INC.,

*Defendants*.

No. 13-35996

D.C. No.
2:12-cv-00478-TOR

ABELARDO SAUCEDO; FELIPE
ACEVEDO MENDOZA; JOSE VILLA
MENDOZA; JAVIER SAUCEDO;
SANDRA SAUCEDO, Individually, and
on behalf of all other similarly
situated persons,
                    *Plaintiffs-Appellees*,

                    v.

JOHN HANCOCK LIFE INSURANCE
COMPANY; JOHN HANCOCK LIFE &
HEALTH INSURANCE, CO.; TEXAS
MUNICIPAL PLANS CONSORTIUM,
LLC; FARMLAND MANAGEMENT
SERVICES,
                    *Defendants*,

                    and

NW MANAGEMENT AND REALTY
SERVICES, INC.,
                    *Defendant-Appellant*.

No. 13-36022

D.C. No.
2:12-cv-00478-
TOR

ORDER

Filed August 5, 2015

Before: Andrew J. Kleinfeld, Jacqueline H. Nguyen,
and Michelle T. Friedland, Circuit Judges.

# SUMMARY[*]

## Certification of Questions to State Supreme Court

The panel certified to the Washington Supreme Court the following questions:

(1) Does the Washington Farm Labor Contractor Act, in particular Washington Revised Code § 19.30.010(2), include in the definition of a "farm labor contractor" an entity who is paid a per-acre fee to manage all aspects of farming—including hiring and employing agricultural workers as well as making all planting and harvesting decisions, subject to approval—for a particular plot of land owned by a third party?

(2) Does the FLCA, in particular Washington Revised Code § 19.30.200, make jointly and severally liable any person who uses the services of an unlicensed farm labor contractor without either inspecting the license issued by the director of the Department of Labor & Industries to the farm labor contractor or obtaining a representation from the director of the Department of Labor & Industries that the contractor is properly licensed, even if that person lacked knowledge that the farm labor contractor was unlicensed?

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

We certify to the Washington Supreme Court the questions set forth in Part III of this order.

Further proceedings in this court are stayed pending receipt of the answers to the certified questions. These cases, which were consolidated on appeal, are withdrawn from submission until further order of this court or an order declining to accept the certified questions. If the Washington Supreme Court accepts the certified questions, the parties will file a joint report six months after the date of acceptance, and every six months thereafter, advising us of the status of the proceeding.

**I.**

Pursuant to Washington Revised Code § 2.60.020, a panel of the United States Court of Appeals for the Ninth Circuit (before which this appeal is pending) certifies to the Washington Supreme Court questions of law regarding the proper interpretation of the Washington Farm Labor Contractor Act ("FLCA"), in particular Washington Revised Code § 19.30.010 and § 19.30.200. No published decision of either the Washington Supreme Court or the Washington appellate courts has interpreted the relevant provisions of this statute to date, and the answers to the certified questions are "necessary . . . to dispose of" this appeal. Wash. Rev. Code § 2.60.020. We respectfully request that the Washington Supreme Court answer the certified questions presented below. Our phrasing of the issues is not meant to restrict the court's consideration of the case, and "we acknowledge that the Washington Supreme Court may, in its discretion, reformulate the questions." *Perez-Farias v. Glob. Horizons, Inc.*, 668 F.3d 588, 589 (9th Cir. 2011) (alterations omitted). Should the Washington Supreme Court decline certification, "we will

resolve the issues according to our perception of Washington law." *Id.* (alteration omitted).

## II.

John Hancock Life & Health Insurance Co.; John Hancock Life Insurance Company; Texas Municipal Plans Consortium, LLC; Farmland Management Services; and NW Management and Realty Services (Defendants) are deemed the petitioners in this request because Defendants appeal the district court's conclusions on these issues. We designate Defendants to file the first brief, pursuant to Washington Rule of Appellate Procedure 16.16(e)(1). The captions of the consolidated cases are:

> ABELARDO SAUCEDO; FELIPE ACEVEDO MENDOZA; JOSE VILLA MENDOZA; JAVIER SAUCEDO; SANDRA SAUCEDO, Individually, and on behalf of all other similarly situated persons, Plaintiffs-Appellees,

> v.

> JOHN HANCOCK LIFE & HEALTH INSURANCE, CO.; TEXAS MUNICIPAL PLANS CONSORTIUM, LLC, Defendants,

> NW MANAGEMENT AND REALTY SERVICES, INC.; JOHN HANCOCK LIFE INSURANCE COMPANY, Defendants,

> and

> FARMLAND MANAGEMENT SERVICES, Defendant-Appellant;

> ABELARDO SAUCEDO; FELIPE ACEVEDO MENDOZA; JOSE VILLA MENDOZA; JAVIER SAUCEDO; SANDRA SAUCEDO, Individually,

and on behalf of all other similarly situated persons, Plaintiffs-Appellees,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY; JOHN HANCOCK LIFE & HEALTH INSURANCE, CO.; TEXAS MUNICIPAL PLANS CONSORTIUM, LLC, Defendants-Appellants,

and

FARMLAND MANAGEMENT SERVICES; NW MANAGEMENT AND REALTY SERVICES, INC., DEFENDANTS; and

ABELARDO SAUCEDO; FELIPE ACEVEDO MENDOZA; JOSE VILLA MENDOZA; JAVIER SAUCEDO; SANDRA SAUCEDO, Individually, and on behalf of all other similarly situated persons, Plaintiffs-Appellees,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY; JOHN HANCOCK LIFE & HEALTH INSURANCE, CO.; TEXAS MUNICIPAL PLANS CONSORTIUM, LLC; FARMLAND MANAGEMENT SERVICES, Defendants,

and

NW MANAGEMENT AND REALTY SERVICES, INC., Defendant-Appellant.

The names and addresses of counsel for the parties are as follows:

Lori Jordan Isley, Joachim Morrison, and Andrea L. Schmitt, Columbia Legal Services, Yakima, WA, for Plaintiffs-Appellees.

Christopher Glenn Emch and John Ray Nelson, Foster Pepper PLLC, Spokane, WA, for Defendants-Appellants John Hancock Life & Health Insurance, Co. and Texas Municipal Plans Consortium, LLC.

John Ray Nelson, Foster Pepper PLLC, Spokane, WA, for Defendant-Appellant John Hancock Life Insurance Company.

Leslie R. Weatherhead and Geana Van Dessel, Lee & Hayes, PLLC, Spokane, WA; Susan Felice DiCicco and Ari M. Selman, Morgan, Lewis & Bockius LLP, New York, NY, for Defendant-Appellant Farmland Management Services.

Brendan V. Monahan and Sarah Lynn Wixson, Stokes Lawrence Velikanje Moore & Shore, Yakima, WA, for Defendant-Appellant NW Management and Realty Services, Inc.

## III.

The questions of law to be answered are as follows. The second question is necessary to resolve this case only if the first question is answered in the affirmative.

(1) Does the FLCA, in particular Washington Revised Code § 19.30.010(2), include in the definition of a "farm labor contractor" an entity who is paid a per-acre fee to manage all aspects of farming—including hiring and employing agricultural workers as well as making all planting and harvesting decisions, subject to approval—for a particular plot of land owned by a third party?

(2) Does the FLCA, in particular Washington Revised Code § 19.30.200, make jointly and severally liable any person who uses the services of an unlicensed farm labor contractor without either inspecting the license issued by

the director of the Department of Labor & Industries to the farm labor contractor or obtaining a representation from the director of the Department of Labor & Industries that the contractor is properly licensed, even if that person lacked knowledge that the farm labor contractor was unlicensed?

## IV.

The statement of facts is as follows:

John Hancock Life & Health Insurance Co. is owned by John Hancock Life Insurance Company. At all times relevant to this case, the John Hancock insurance companies and Texas Municipal Plans Consortium, LLC (together referred to as "Hancock") owned the apple orchards known as Alexander I, Alexander II, and Independence in Yakima County, Washington.

Hancock leased all three orchards to Farmland Management Services ("Farmland") under two Master Lease and Management Agreements, which were identical in all material respects. Under the Master Leases, Farmland received a "management fee" in exchange for either operating and managing the orchards for Hancock or subleasing the orchards to a third-party company for operation and management. Hancock reimbursed all costs incurred by Farmland to operate the orchards and collected all profits from the farming operation. Farmland elected to sublease the orchards to NW Management and Realty Services ("NWM") under an Orchard Management Agreement.[1] NWM received a per-acre fee from Farmland. Farmland reimbursed NWM for all operating costs and

---

[1] As of July 2013, NWM was no longer in operation.

collected all profits. These costs and profits were then passed along to Hancock under the Master Leases, so ultimately Hancock paid for all of NWM's costs and collected all of the orchards' profits (minus Farmland's management fee).

The Orchard Management Agreement between Farmland and NWM required that NWM "operate and use the orchard Properties for the sole purpose of conducting a first-class agricultural operation." The Agreement further stated that NWM "will hire, employ, discharge and supervise the work of all employees and independent contractors performing labor and/or services on the Properties. [NWM] shall be the employer of record of all persons employed to perform work on the 'Properties.'" The Agreement left the details of managing the orchards substantially to NWM's discretion, including how to best "perform and supervise all customary and necessary farming operations including but not limited to planting, training, irrigating, weed control, thinning, cultivating, fertilizing, pruning, mowing, controlling insect and disease, harvesting and other necessary and proper procedures." NWM was required to submit to Farmland a yearly Farm Operating Plan, which would include NWM's anticipated budget for the coming year. Farmland would send this budget to Hancock for approval, and Hancock routinely approved it. Neither Farmland nor Hancock exerted any control over NWM's employment decisions, leaving NWM to decide unilaterally how many people to hire, whom to hire, and when or whether to terminate employment. Nor would NWM's fee be affected by these employment decisions, such as how many people it hired.

Hancock and Farmland's Master Leases required Farmland to obtain any necessary licenses, or require any third party hired to do so. Farmland represented to

Hancock's representative Oliver Williams that it had done so. At no point did NWM obtain a farm labor contractor license from the Washington Department of Labor & Industries.

Plaintiffs, a class of 722 former NWM employees who worked for NWM in 2009, 2010, or 2011, sued Defendants in 2012 in the Eastern District of Washington for violations of the federal Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*, and the FLCA, Wash. Rev. Code § 19.30.010, *et seq.* The district court certified the Plaintiffs' class as to the FLCA claims, and all other claims were settled and dismissed. The FLCA claims allege that NWM violated the FLCA by failing to maintain a farm labor contractor's license and failing to make certain disclosures to Plaintiffs that farm labor contractors are required make. Plaintiffs allege that Farmland and Hancock are jointly and severally liable with NWM for the FLCA violations under Washington Revised Code § 19.30.200 because they used the services of an unlicensed farm labor contractor without either inspecting NWM's license or asking the director of the Department of Labor & Industries whether NWM was licensed.

Hancock and Farmland separately moved to dismiss the FLCA claims against them, arguing that Washington Revised Code § 19.30.200 applies only to those who "knowingly" use the services of an unlicensed farm labor contractor and that they did not know that NWM was unlicensed. The district court denied both motions, holding that the FLCA imposed an affirmative duty on Hancock and Farmland to verify that NWM was properly licensed by either inspecting NWM's license or making an inquiry with the director of the Department of Labor & Industries.

All Defendants then moved for summary judgment on the ground that NWM was not a "farm labor contractor" as

defined in Washington Revised Code § 19.30.010(2) because it was an "agricultural employer" that employed agricultural workers only to work NWM's farms. The district court denied the motion, holding that although NWM was an "agricultural employer," "agricultural employers" and "farm labor contractors" are not mutually exclusive, and that agricultural employers "who are paid to farm another's land"—such as NWM—are required to obtain licenses under the FLCA.

Plaintiffs then moved for summary judgment, asking the court to hold as a matter of law that NWM was a farm labor contractor under the FLCA, that NWM violated the FLCA by failing to obtain a farm labor contractor's license and by failing to provide Plaintiffs with required disclosures, and that Hancock and Farmland are jointly and severally liable for NWM's FLCA violations. The district court granted Plaintiff's motion for summary judgment, finding that NWM was a farm labor contractor because it engaged in employing agricultural workers "for a fee," that NWM therefore was required to comply with the FLCA but did not, and that Hancock and Farmland were jointly and severally liable for NWM's violations because they did not take the affirmative steps listed in Washington Revised Code § 19.30.200 to determine whether NWM was licensed. The district court awarded Plaintiffs damages of $500 per class member per violation per year worked, regardless of the class member's immigration status, for a total of $1,004,000. The district court further held that Plaintiffs were entitled to attorney fees under the FLCA, which permits a court to "award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees at trial and appeal." Wash. Rev. Code § 19.30.170(1). Defendants timely appealed the district court's entry of judgment and damage award.

## V.

Because of the complexity of these state law issues and because of their significant policy implications, we believe that the Washington Supreme Court, which has not yet interpreted the relevant provisions of the FLCA, "is better qualified to answer the certified questions in the first instance." *See Perez-Farias*, 668 F.3d at 593 (alteration omitted). Additionally, the Washington Supreme Court's authoritative answers are "necessary . . . in order to dispose of [this] proceeding." Wash. Rev. Code § 2.60.020.

## VI.

The Clerk of the Court is hereby directed to immediately transmit to the Washington Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to Washington Revised Code § 2.60.010 and § 2.60.030.

**IT IS SO ORDERED.**

Chief Judge Sidney R. Thomas
U.S. Court of Appeals for the Ninth Circuit